## TALBOTT ET AL. *v.* TOWN OF NEW CASTLE.

[No. 21,037.  Filed June 27, 1907.  Rehearing denied October 18, 1907.]

1. PLEADING.—*Cross-Complaint.—Overruling Demurrer to.—When Harmless.*—Error in overruling a demurrer to a cross-complaint is harmless, where the defendant fails thereon, and the plaintiffs recover upon their complaint.  p. 173.

2. TRIAL.—*Special Findings.—Conclusions of Law.—Error in.—Appeal.*—Where the facts specially found support the conclusion of law thereon, an assignment that the court erred in its conclusion of law, cannot be sustained.  p. 173.

3. APPEAL.—*Briefs.*—Where the brief fails to set out the motion for a new trial or point out where it may be found in the record, and also fails to set out, or give a succinct statement of the evidence, the Supreme Court may refuse to consider questions raised thereon.  p. 176.

4. SAME.—*New Trial.—Contrary to Law.—Construction of Contracts.*—To make a misconstruction of a contract involved in a case a reason for a new trial, upon the assignment that the finding is contrary to law, the error must clearly appear.  p. 176.

5. CONTRACTS.—*Construction.—Municipal Corporations.—Sewers.*—A contract providing that a sewer contractor should receive $1.14 per lineal foot for sewer laid and ten per cent above the actual cost of all extra extensions and tributaries to the sewer system is properly construed when payment is ordered according to such prices; though an unaccepted resolution provided a different method of computation.  p. 176.

6. APPEAL.—*New Trial.—Amount of Recovery.—Contrary to Law.*—Error in the assessment of the amount of recovery is not available, under an assignment, in a motion for a new trial, that the finding is contrary to law.  p. 177.

7. SAME.—*Briefs.*—Where the evidence is not literally nor substantially set out in the brief, questions depending thereon will not be considered.  p. 177.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Suit by Morris A. Talbott and others against the Town of New Castle.  From a decree for plaintiffs for less than their claim, they appeal.  Transferred from Appellate Court under §1337o Burns 1901, Acts 1901, p. 565, §15.  *Affirmed.*

*McConnell & Fickle* and *Charles W. Miller,* for appellants.
*Forkner & Forkner,* for appellee.

Talbott *v.* Town of New Castle—169 Ind. 172.

MONTGOMERY, J.—Appellants constructed a sewer system within and for the corporate town of New Castle, and upon completion of the same brought this action to compel payment of the contract price and for certain extra work done upon special orders. Appellee answered by general denial, and also filed a cross-complaint, alleging a disagreement as to the amount due, and asking for an accounting, to which appellants answered in denial. A trial was had upon the issues so joined, a special finding of facts made by the court, and conclusions of law stated in favor of appellants in accordance with the facts found. A judgment was rendered for the sum so found due. The judgment further provided for payment out of assessments to be made against the property benefited, required appellee to cause the proper assessments to be made and collected and to issue and sell bonds to provide funds for the payment of such sum, and exempted appellee from any personal liability, except for the costs of the action.

It is alleged upon this appeal that the court below erred in overruling appellants' demurrer to the cross-complaint, in each conclusion of law stated, and in overruling the motion for a new trial.

1. The finding of the court upon all the issues was that the appellants were entitled to recover upon their complaint. It is manifest that no reversible error could have been committed in overruling appellants' demurrer to the cross-complaint.

2. The conclusion of law stated by the court was as follows: "Upon the foregoing facts, I conclude that the law is with the plaintiffs. I therefore find that there is due the plaintiffs, upon said finding of facts, $61,174.76, as principal, and as interest thereon from January 1, 1903, the sum of $4,690.05, making the aggregate sum of $65,864.81, which plaintiffs are entitled to recover from defendant; that said sum is due from the defendant to the plaintiffs to be properly assessed against the properties bene-

fited thereby.'' The conclusion of law is. in appellants' favor, and in accord with the facts found, and consequently nothing appears upon the face of the record to sustain the assignment that the court erred in its conclusion of law.

The special findings of the court contained, among other facts, in substance, the following: That upon competitive bids appellants were duly awarded the contract to construct the sewer, and entered into a written agreement with appellee for the performance of the work, whereby appellants were to receive and accept

> ''as full compensation for all work, labor and material used in the construction of said sewers, and all things specified and required in the plans, specifications and profiles thereof, the sum of $1.14 per lineal foot of said sewers, measuring only the center line of said sewers including all branches and tributaries shown on the plans, profiles and specifications after completion, and not measuring service connections or any other lines specified and named in said specifications, it being the intention of this contract that the price aforesaid shall be taken and received as full and complete compensation for the full completion of said sewers, together with all the requirements and incidents thereto specified in the plans, specifications and profiles thereof.''

It was further provided in the contract:

> ''The contractors shall do such extra work in connection with their contract as the engineer may, in writing, specially direct, and in a first-class manner, but no claim for extra work shall be allowed unless the same is done in pursuance of a written order, as aforesaid, to do the work as such, and the claim presented at the first estimate after the work is done. Payment therefor shall be made according to the schedule of prices herein contained, as far as applicable. Extra work not coming under the classifications of the schedule prices shall be paid on a basis of ten per cent in advance of the actual cost of labor and materials as determined by the engineer.''

Appellants were duly directed to make certain additions, extensions and tributaries to the sewer system as originally

planned, and the whole system, including extra work ordered, was done to the satisfaction of appellee and its civil engineer, and duly accepted as completed. After the orders for extra work had been given, and before appellants had begun work thereon, the parties undertook to agree upon the construction that should be given to the original contract, and to that end the board of trustees of appellee town passed the following resolution: ''Be it resolved, that said work shall be compensated for in the sum and price of $1.14 per lineal foot of such extensions and tributaries as contracted for in the original contract.'' But neither the parties nor their legal representatives were able to agree, either at the time of passing said resolution or during the performance of extra work, as to the construction of the original contract or said resolution with respect to the amount to be paid for such extensions and tributaries.

The amount due for 35,021 feet of sewer under the original contract at $1.14 per lineal foot was $39,923.94, and for extra manholes, basins and inlets on said line $2,005, from which $456 was deducted for flush tanks and lamp-post holes omitted, making the total sum due under original contract $41,472.94. In addition to this the sum of $11,967.70 was found due for extra work and materials particularly specified and computed at the rates fixed in appellants' bid so far as applicable. The sum of $355 was allowed for hauling dirt, $7,980 for paving street, and on the amount of $3,991.20, the cost of furnishing and laying certain tile, the court allowed ten per cent additional, making $399.12, and deducted $1,000 as agreed upon between the parties in consideration of appellee's assumption of the duty of appellants to repair certain streets, leaving the total sum of $61,174.76 due appellants for the aggregate work. The work was completed January 1, 1903, and interest at six per cent was allowed from that date, amounting to $4,690.05, making the total sum to which appellants were found to be entitled $65,864.81.

Appellants have failed to advise us of the substance of their motion for a new trial in their brief, or even to make any reference to the record where the same may be found. The statement of the evidence is far short of the requirements of the rules of this court, and if opposing counsel were insistent upon their rights the court would feel impelled to decline consideration of the ruling upon the motion for a new trial, and would be warranted in so doing upon its own motion. It appears under the head of points and authorities that one of the grounds of the motion for a new trial was that "the finding of the court is contrary to law." It is urged that the court misconstrued the contract between the parties, and therefore the finding resting upon and embodying such error is contrary to law. Conceding that an erroneous construction of the contract affecting the finding would render such finding contrary to law, it is certain that such error must clearly appear from the record to justify the granting of a new trial for that cause. While the bids were under consideration, and before the contract was awarded, appellants agreed to accept $1.14 per lineal foot, measuring along the center line of the sewer after completion, as full compensation for the completion thereof, with all the requirements and incidents thereto specified in the plans, profile and specifications, and the written contract was drawn accordingly. The court correctly construed and applied this provision of the contract. The resolution adopted by appellee to calculate the cost of extra extensions and tributaries at the same rate was not agreed to by appellants, and the court fixed compensation for such extensions and tributaries upon the basis of prices stated in the bid of appellants, which was incorporated in and made a part of the formal written contract between the parties. We are unable to say that this was not the proper construction of the agreement.

The principal contention was regarding the amount of extra house connections put into the system. The original

sewer as planned was about seven miles in length and
6.  included 14,000 feet of house connections.   Compensation for these connections was made in the allowance of $1.14 per lineal foot for the 35,021 feet of such sewer.   It is claimed by appellants that 23,595 feet of extra house connections were put in upon the orders of appellee. The court concluded from the evidence that this was the total amount of all house connections, and deducted therefrom 14,000 feet required by the original specifications, and allowed appellants for only 9,595 feet of extra house connections.    This contention can only be determined upon consideration of the whole evidence, and does not arise out of any alleged misconstruction of the contract.   Appellants have not presented to or urged upon us as a reason for a new trial that error was committed in the assessment of the amount of recovery, but only that the finding of the court is contrary to law.   We could not reweigh the oral testimony from the meager statements furnished in appel-
7.  lants' brief, were we called upon to do so, and therefore cannot disturb the finding upon the ground that the assessment is too small.

No error having been made to appear, the judgment is affirmed.