## SCHELL v. SCHELL ET UX.

[No. 25,136. Filed November 17, 1927. Rehearing denied February 3, 1928.]

1. HABEAS CORPUS.—*Error cannot be predicated on return to writ after filing of amended return.*—The filing of an amended return to the writ of *habeas corpus* took the original return and all rulings relating thereto out of the case, and no error could be predicated on the court's ruling on the original return. p. 645.

2. APPEAL.—*Insufficiency of evidence to sustain finding not presented for review.*—No question as to the sufficiency of the evidence to sustain the court's finding is presented on appeal where appellant's brief does not contain a condensed recital of the evidence in narrative form as required by cl. 5, Rule 22 of the Supreme and Appellate Courts. p. 646.

3. APPEAL.—*Rulings of trial court presumed correct unless appellant's brief shows otherwise.*—Except so far as the record on appeal affirmatively shows that error was committed, the appellate tribunal will presume that all rulings of the trial court were correct. p. 646.

From Madison Circuit Court; *William A. Kittinger,* Judge.

Habeas corpus proceeding by John Schell against Isaac Schell and wife for the possession of plaintiff's infant child, Jennie E. Schell. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*E. H. Graves,* for appellant.

*Ellison & Neff,* for appellees.

WILLOUGHBY, J.—This action was brought by the appellant, John Schell, father of Jennie E. Schell, against the appellees, who are the grandparents of the child, for

the custody of said child.    The appellees, Isaac Schell and Nancy Schell, are the parents of the deceased mother of said child.    The grandparents at the time of this action were each about fifty-seven years old.    The mother died at the time of the birth of the child.    The child was delivered by the Caesarian operation.    The grandparents took the child at the time of its birth and have had the custody of it since that time.    At the time of this action, the child was about twenty-nine months old, in feeble health and living with said grandparents.    The father of the child had remarried and brought this action for possession of the child.

The finding of the trial court was that the child, Jennie E. Schell, is not now unlawfully deprived of her liberty. The court further finds that the appellant is not entitled to the custody of said child in any way and that the plaintiff is not a fit person to have the care and custody of the child at this time, but the court further finds that the defendants and each of them are fit and proper persons, in every way, to have the care and custody and control of said child, and that it is for the best interests of said child, in all particulars, for it to remain with the defendants, where it now is, and to be cared for and nurtured by said defendants.    That the plaintiff in this case is entitled to take nothing, and the defendants should in all things recover.    Judgment was rendered pursuant to this finding in favor of the defendants.

The appellant made a motion for a new trial, which was overruled, and appellant excepted to such ruling. The reasons assigned for a new trial are:    The decision of the court is not supported by sufficient evidence and the decision of the court is contrary to law.

The appellant claims that the court erred in overruling the plaintiff's exception to the return of defendants to the writ of *habeas corpus*, for the following reasons: "Said return does not show sufficient cause for the de-

tention of Jennie E. Schell.  Said return does not show
sufficient facts and is not sufficient answer to the peti-
tion."  That it was error in the trial court to. permit
the defendants to amend their return and to overrule
the exceptions thereto.

It appears that the return to the writ of *habeas corpus*
was filed on October 21, 1925, and that on the same
day, the plaintiff filed his exceptions to the return
1. and answer of the defendants.  It appears that
afterward, on November 4, 1925, the defendants
filed their petition to file an amended return and the
court granted said petition.  It does not appear that
the plaintiff objected to the filing of the said petition
and it appears that no exceptions were taken to the
rulings of the court.  The amended return was then
filed and is set out in full in the record.  No objections
or exceptions were made to said filing.  When the ap-
pellee filed an amended return to the writ, the original
return and all rulings relating to the same went out of
the case, therefore no error can be predicated on the
court's ruling on said original return.  *Standard Oil Co.*
v. *Henry* (1922), 192 Ind. 171, 133 N. E. 742; *Aetna Ins.
Co.* v. *Indiana Nat. Life Ins. Co.* (1921), 191 Ind. 554,
133 N. E. 4; *Kaufman* v. *Alexander* (1913), 180 Ind.
670, 103 N. E. 481; *City of Huntington* v. *Folk* (1899),
154 Ind. 91, 54 N. E. 759.

In appellant's amended brief, filed July 2, 1926,
appellant says, "the transcript shows no objections or
exceptions to the amended return, while the court's
minutes show that it was objected to, the objection
overruled and that the plaintiff excepted to the ruling.
Unless the foregoing is admitted by the appellees the
transcript should be corrected."

It appears that, after the filing of said amended brief,
the appellant filed what he calls a petition for a writ of
certiorari to correct the record.  The writ of certiorari

was issued by this court to the clerk of the Madison Circuit Court, who made a return thereon as follows: "The transcript already furnished in said cause is a full, true, correct and verbatim copy of all papers and entries in said cause and the objections and exceptions of the parties taken in said cause without any amendments thereto."

The appellant claims that the finding of the court is not sustained by sufficient evidence and is contrary to law. Rule 22, cl. 5, of the Supreme Court, provides that the brief shall contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely   It appears from appellant's amended brief that he has not complied with this rule.   It follows that the evidence is not presented and cannot be considered for the purpose of determining whether the decision of the court is sustained by sufficient evidence and is contrary to law. *Huffman* v. *Thompson* (1912), 177 Ind. 366, 98 N. E. 113; *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind. 142, 100 N. E. 465; *Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3; *Barksdale* v. *State* (1925), 196 Ind. 392, 147 N. E. 765.

Except so far as the record is made affirmatively to show that error was committed, we must presume that all rulings of the trial court were correct.   *Coleman* v. *State* (1925), 196 Ind. 649, 149 N. E. 162; *Jackson* v. *State, ex rel.* (1924), 194 Ind. 130, 142 N. E. 1; *Straw* v. *State* (1925), 197 Ind. 606, 149 N. E. 430.

No question being properly presented for the con-

sideration of this court, the judgment is affirmed. Gemmill, J., not participating.