This is an appeal from a judgment awarding $200 damages to the appellant in an action for personal injuries governed by the Federal Employers' Liability Act (45 U.S.C.A., § 51 et seq.)
Error is predicated upon the overruling of appellant's motion for a new trial.
Appellant asserts that the court erred in refusing to give two certain instructions tendered by appellant, and in giving one instruction tendered by appellee. It is also contended that the verdict is not sustained by the evidence. The complaint is that the amount of the damages assessed is too small.
Appellee suggests that the appellant's brief presents no question. It is true that only by the greatest liberality *Page 469 
can it be said that it conforms to the rules. The 1-3. instruction tendered and given at the request of the appellee, of which appellant complains, is not set out in the appellant's brief. The court will not search the record to find error. The appellant has not set out in his brief all of the instructions given at the trial. Where error is assigned upon the giving of an erroneous instruction it is not necessary for the appellant to set out all of the instructions, but if error is assigned upon the refusal to give instructions it is necessary that appellant set out all of the instructions which were given, as well as the ones which it is claimed were erroneously refused. See Maxey v. State (1938), 214 Ind. 623, 16 N.E.2d 880. No question is presented with respect to the instructions.
The appellant has not attempted to set out a concise statement of all of the evidence, but only "evidence as to the injuries caused by defendant's negligence to show that the small 4. verdict of only $200.00 is not sufficient." Under the federal statute, which appellant concedes controlled the action, the fact that the plaintiff may have been guilty of contributory negligence justifies the jury in diminishing the damages in proportion to the amount of damages attributable to the employee. Under such a rule it was necessary for the jury to determine not only the extent of the plaintiff's injuries, but the proportion of the damage that was attributable to his own negligence; and therefore, in determining whether there is evidence justifying the verdict, it is necessary to consider not only the character and extent of the plaintiff's injuries, but the evidence as to the defendant's negligence, and the evidence as to the plaintiff's contributory negligence, and to determine, from a consideration of the evidence which tends most to support the verdict upon all three subjects, whether the verdict is erroneous. *Page 470 
The appellant contends that the general verdict of the jury is a finding for the plaintiff upon the question of the defendant's negligence causing the injuries. But the general verdict does not speak upon the question of whether or not there was contributory negligence which operated to minimize the amount of recovery.
The court will not search the record to discover the 5. evidence that is not brought into the brief.
Judgment affirmed.