BRANDON *v.* TOWN OF CHESTERFIELD PLAN COMMISSION ET AL.

[No. 20,469. Filed May 18, 1967. No petition for rehearing filed.]

*Kelley, Arnold & Kelley,* of Anderson, for appellant.

*Joan C. Bashaw,* of Anderson, for appellees.

PFAFF, P. J.—Appellant was the owner of a certain tract of real estate in the town of Chesterfield, Madison County, Indiana, known as Lot No. 30 in the Original Plat of the town of Chesterfield. Petitioner made application to the town of Chesterfield Plan Commission to rezone said lot from residential to business. The town of Chesterfield Plan Commission refused to grant appellant's application for rezoning and an appeal was taken to The Chesterfield Board of Zoning Appeals, which affirmed the action of The Plan Commission. Appellant filed her petition for Writ of Certiorari in the Madison Circuit Court, claiming that the decision of The Chesterfield Board of Zoning Appeals was illegal.

The return to the Writ of Certiorari did not comply with the Acts of 1947, ch. 174, §§ 82 to 86, inclusive, p. 571, being §§ 53-783 to 787, inclusive, Burns' 1964 Replacement, in that the return was filed approximately three weeks beyond the period allowed, which appellee admits.

Prior to rendering his decision, the judge of the Madison Circuit Court initiated a telephone conversation with a member of one of the church organizations that remonstrated against the application for the rezoning. During this telephone conversation the judge solicited certain facts concerning this cause of action. The appellant alleges in his Assignment of Errors that this solicitation of evidence by the judge was highly irregular and constituted grounds for reversal.

The Madison Circuit Court affirmed the decision of the Board of Zoning Appeals. Appellant then filed a Motion for a New Trial which was denied. This appeal arises from the denial of appellant's Motion for a New Trial.

"It is elementary law that the conduct of the judge trying the case must be fair to both sides and undoubtedly a new

trial may be ordered because of improper or unjudicial conduct on the part of the judge." 39 Am. Jur., *New Trial*, § 48, p. 68.

Acts of 1881 (Spec. Sess.), ch. 38, § 420, p. 240, § 2-2401, Burns' Ind. Stat. 1946 Repl., provides in part, as follows:

"2-2401 [610]. Causes for. — A new trial may be granted in the following cases:

"First. Irregularity in the proceedings of the court, jury or prevailing party, or any order of court, or abuse of discretion, by which the party was prevented from having a fair trial."

The appellant herein contends that the judge's act of soliciting evidence in the case at bar constitutes an irregularity in the proceedings under Burns' 2-2401, *supra,* sufficient to sustain a motion for a new trial.

It is the opinion of this court that the judge's act was probably done in good faith and in no way did he intend to display partiality. However, public confidence in our judicial system requires that the proceedings of the court be free from clouds of doubt as to impartiality. In order to remove the clouds of doubt which hover over the proceedings in this matter, we find it necessary to reverse the decision of the trial court.

Judgment reversed with instructions to grant a new trial.

Bierly, Cook and Smith, JJ. concur.

NOTE.—Reported in 226 N. E. 2d 351.