ROBINSON *v.* PRIEST.

[No. 969A160. Filed March 26, 1970. Rehearing denied May 11, 1970.]

*Joseph A. Thomas, Thomas, Huse & Thomas,* Indianapolis, for appellant.

*James A. Buck,* Indianapolis, for appellee.

CARSON, J.—This case was appealed from the Municipal Court of Marion County, Room No. 2, following a judgment obtained by the plaintiff-appellee against the defendant-appellant.

The issues were formed by appellee's complaint, which is one pleading paragraph, and the answer of appellant in one pleading paragraph. Appellee's complaint, as summarized in appellant's brief, alleged property damage as a result of the negligence of appellant, such negligence being more particularly alleged as follows:

"a. Appellant failed to keep and maintain a lookout for vehicles using the aforesaid Walker Street at the time and place herein complained of, to wit: the appellee's automobile.

"b. The appellant failed to look out the rear window of the vehicle he was backing out of a driveway to see if the street was clear before backing into the said street.

"c. Appellant failed to apply the brakes of the vehicle he was operating in time to avoid a collision between the vehicle he was operating and the vehicle of the appellee in the said Walker Street at the time and place herein complained of."

Appellant's answer in one pleading paragraph replied to the allegations contained in appellee's complaint in compliance with Rule 1-3, Rules of the Supreme Court of Indiana, thereby denying the alleged negligence in appellee's complaint.

Trial was to the court and judgment in the amount of $257.89, and costs, were entered in favor of the plaintiff.

The overruling of appellant's motion for new trial is the sole error assigned. Such motion contains three specifications of error, which are as follows:

1. The decision of the Court is not sustained by sufficient evidence.

2. The decision of the Court is contrary to law.

3. The Court erred in overruling defendant's motion, made at the close of plaintiff's evidence, to find for the defendant.

The appellee has not filed a brief in this case. Under the rules of law, however, it is necessary that the appellant demonstrate error before the action of the trial court can be reversed. In the case of *Meadows* v. *Hickman* (1947), 225 Ind. 146, at pages 146-47, 73 N. E. 2d 343, at pages 343-44, our Supreme Court of Indiana said:

"This is an appeal from the Circuit Court of Shelby County from an interlocutory order appointing a receiver. Appellees have not filed a brief in support of the judgment of the trial court. This court has well said:

" 'The neglect of an appellee to file a brief controverting the errors complained of by an appellant may be taken or deemed to be a confession of such errors, and the judgment may accordingly be reversed, and the cause

remanded without prejudice to either party. This rule was not declared in the interest of an appellant, but for the protection of the court, in order to relieve it of the burden of controverting the arguments and contentions advanced for reversal, which duty properly rests upon counsel for the appellee.' *Miller* v. *Julian* (1904), 163 Ind. 582, 584, 72 N. E. 588, 589.

"Again it has been said:

" 'Another cogent reason for invoking this rule is that the time of the court should be devoted to cases that are properly briefed. Litigants who are making a good-faith effort to help the court should not be delayed while this court attempts to perform the duties of counsel.' *Roth* v. *Vandalia R. Co.* (1918), 187 Ind. 302, 119 N. E. 1.

"See also *Deatrick* v. *Lawless* (1923), 193 Ind. 327, 139 N. E. 587; *City of Shelbyville* v. *Adams* (1916), 185 Ind. 326, 114 N. E. 1; *Brown* v. *State* (1915), 184 Ind. 254, 108 N. E. 861, 111 N. E. 8; *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1.

"The rule herein announced is not for the benefit of the appellants but for the protection of the court and whether it shall be invoked is discretionary with the court.

"The rule will not be invoked unless the appellants' brief makes an apparent or *prima facie* showing of reversible error." (Citing authorities.)

We shall consider the three specifications of error in the order in which they are set out in the appellant's brief.

Specification No. 1, that the decision of the court is not sustained by sufficient evidence, does not present anything for our consideration. The evidence here is in conflict. The trial court observed the witnesses and is the sole judge of their credibility and of the weight to be given their evidence. Under these circumstances we will not disturb the decision of the trial court.

Specification No. 2 states that the decision of the court is contrary to law. Under this specification the burden is upon the appellant to establish that, considering only the evidence most favorable to the successful party and all reasonable inferences that can be drawn therefrom, the

trial court reached a conclusion contrary to that which would have been reached by reasonable men. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669. We do not think that the appellant has met this burden.

Specification No. 3 requires the appellant to establish that the trial court abused its discretion. In the case of *Souerdike* v. *State* (1952), 231 Ind. 204, at page 206, 108 N. E. 2d 136, at page 137, our Supreme Court stated that "[t]he case comes to us with the presumption that the correct result was reached. The burden is upon appellant to overthrow that presumption." Applying that test to the appellant's brief filed in this case, we do not feel that the appellant has met this test. Further, in the case of *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, at page 189, 106 N. E. 2d 453, at page 458, our Supreme Court said:

"It has been held many times that all reasonable presumptions are indulged on appeal in favor of the rulings and judgments of a trial court, that the record must exhibit the errors for which the reversal is sought, and that a court of appeals will not presume anything in favor of appellant to sustain his alleged error. *Cadwell* v. *Teaney* (1927), 199 Ind. 634, 641, 157 N. E. 51; *Washington Hotel Realty Co.* v. *Bedford Stone, etc., Co.* (1924), 195 Ind. 128, 136, 143 N. E. 156; *Schell* v. *Schell* (1927), 199 Ind. 643, 646, 158 N. E. 594; *Coleman* v. *State* (1925), 196 Ind. 649, 652, 149 N. E. 162; *Jackson* v. *State ex rel.* (1924), 194 Ind. 130, 135, 142 N. E. 1; *Straw* v. *State* (1925), 197 Ind. 606, 609, 149 N. E. 430, 151 N. E. 695."

For the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed. Costs taxed against the appellant.

Lowdermilk, C.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 256 N. E. 2d 582.