ELDRIDGE *v.* BOARD OF ZONING APPEALS OF NOBLESVILLE, INDIANA, ET AL.

[No. 368A33. Filed April 9, 1970.]

512

*Gary D. Beerbower, Roberts & Church, Noblesville, for* appellant.

SULLIVAN, J.—This action arose out of the efforts of appellees, Frank E. Wright and American Suburban Utilities, Inc., (hereinafter referred to as the Company) to construct a sewage treatment plant in Delaware Township, Hamilton County, Indiana. The Company made application to the Noblesville Building Commissioner for an improvement location permit to construct the sewage treatment facility. The Building Commissioner refused to issue the permit and referred the Company to the Noblesville Plan Commission. The Commission told the Company it should apply to the Board of Zoning Appeals (hereinafter referred to as the Board). The Company filed with the Board its request for a permit to construct the sewer treatment facility as a "contingent use" within the meaning of the controlling zoning ordinance. The Board granted the permit by vote of three to two, with one member absent. Upon writ of certiorari, the Hamilton Circuit Court affirmed the Board's determination and this appeal was initiated from that decision.

Appellees have filed no brief. The errors alleged by the appellant may be deemed confessed, therefore, if the appellant's brief makes an apparent or prima facie showing of reversible error. *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378; *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *Robinson* v. *Priest* (March 26, 1970), 146 Ind. App. 442, 256 N. E. 2d 582. Appellant's brief does make an apparent or prima facie show-

ing of reversible error with respect to at least one of the grounds urged for reversal.

Appellant contends that prior to the Board's hearing the attorneys for appellees contacted the Chairman of the Board and invited him to inspect a sewage treatment plant erected and operated by one of the Company's allied corporations. The Chairman was flown to the treatment plant at Fort Wayne, Indiana, in a private airplane owned by appellee Wright. There the Chairman was met by an officer of the Company and was taken on a tour of the treatment plant, but apparently there was no discussion concerning the instant case. Although the other members of the Board had knowledge of the tour, notice of such acts was not given to appellant prior to the Board's decision. The Chairman voted in favor of appellees' application at the hearing.

As here, the case of *Brandon* v. *Town of Chesterfield Plan Commission* (1967), 141 Ind. App. 91, 226 N. E. 2d 351, involved a trial court review on writ of certiorari to a board of zoning appeals. The trial judge in the *Brandon* case had a telephone conversation with a member of a church organization which had remonstrated against the zoning application there involved. During the telephone conversation the judge solicited certain facts concerning the case. We there held at page 93 of 141 Ind. App.:

> "It is the opinion of this court that the judge's act was probably done in good faith and in no way did he intend to display partiality. However, public confidence in our judicial system requires that the proceedings of the court be free from clouds of doubt as to impartiality. In order to remove the clouds of doubt which hover over the proceedings in this matter, we find it necessary to reverse the decision of the trial court."

As with the judge in the *Brandon* case, the Chairman's conduct here was probably in good faith and with no intent to be subjected to improper influence. The trial court found that such was the case, and that finding may have been entirely

proper. However, because there is not even an attempt by the appellees to controvert the appellant's contention, we are constrained to hold that there remains a cloud of doubt over the proceedings of the Board to the extent that appellant has made, in our opinion, an apparent or prima facie showing of reversible error.

For the foregoing reasons we reverse the judgment of the trial court and order said judgment be vacated without prejudice to any of the parties.

Costs are hereby assessed against appellees American Suburban Utilities, Inc., and Mr. & Mrs. Frank E. Wright.

Lowdermilk, C.J., Carson and Cooper, JJ., concur.

NOTE.—Reported in 256 N. E. 2d 704.