HALITHA HILL A/K/A HAILITA HILL *v*. STATE OF INDIANA.

[No. 1076S344. Filed December 20, 1977.]

*Bruce S. Cowen,* Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of first degree murder, Ind. Code § 35-13-4-1 (Burns 1975), and sentenced to life imprisonment. This appeal presents the following issues:

(1) Whether it was error to admit an in-court identification of Defendant which was subsequent to an allegedly improper pre-trial identification by photographic display.

(2) Whether it was error to allow a nine-year-old eye-witness to testify at trial, over objection that he had been subjected to influence from other persons.

(3) Whether the defendant's extra-judicial statements to police officers were admissible, over her objection that she had not knowingly and voluntarily waived her right against self-incrimination.

A recitation of the facts of the crime is not necessary for the determination of the issues presented for review.

## ISSUE I

Defendant argues that the in-court identification of Defendant by an eyewitness to the crime was tainted by an improperly conducted photographic display, alleging that the photographic identification procedure was "suggestive" and that it was conducted without Defendant's being represented by counsel.

First, there is no absolute right to have counsel present during any photographic identification, *Sawyer* v. *State,* (1973) 260 Ind. 597, 298 N.E.2d 440; *United States* v. *Ash,* (1973) 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619, and an in-court identification is not subject to attack upon the ground that Defendant was not represented at such an identification procedure.

Second, whether a pre-trial identification procedure is impermissibly suggestive depends upon an evaluation of the totality of the circumstances. *Dewey* v. *State,* (1976) 264 Ind. 403, 345 N.E.2d 842; *Fields* v. *State,* (1975) 263 Ind. 550, 333 N.E.2d 472; *Stovall* v. *Denno,* (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Once an improper pre-trial identification has been established, an in-court identification will be excluded unless it is shown there is a sufficient basis, independent of the improper identification, upon which the in-court identification may be established.

Here, however, the circumstances of the pre-trial identification are not contained in the record. The only reference to the pre-trial photographic display appears following the trial court's ruling upon the admissibility of the in-court identification. That reference reveals only that the witness identified the defendant after viewing a display of four photographs, including one of the defendant. There is nothing in the record to enlighten us as to the circumstances surrounding that display. Hence, there is no basis for a determination of the degree of suggestiveness, if any. The Court cannot consider anything which is not contained in the record. *Fair* v. *State,* 266 Ind. 380, 364 N.E.2d 1007; *Parsley* v. *State,* (1973) 261 Ind. 106, 300 N.E.2d 652.

## ISSUE II

Defendant objected to the admission of the testimony of a nine-year-old eyewitness to the crime upon the ground that

he was "influenced" by talking to the police, the prosecutor, and his grandmother. Defendant does not cite the Court to any part of the record which might indicate the existence of any influence exerted upon the child, nor does a cursory examination of the record reveal that the witness' testimony resulted from any undue influence. When evidence is not substantially set out in the appellant's brief, questions depending thereon need not be considered. *Schell* v. *Schell*, (1927) 199 Ind. 643, 158 N.E. 594; *Talbott* v. *Town of New Castle*, (1907) 169 Ind. 172, 81 N.E. 724. The Supreme Court need not search the record to discover evidence not brought to brief. *Wood* v. *Chicago & E.R. Co.*, (1939) 215 Ind. 467, 18 N.E.2d 772, reh. den. 215 Ind. 467, 20 N.E.2d 642.

Defendant does not attack the witness' competency due to age, and argues only that confusion in the witness' testimony shows the existence of "influence;" but he cites no authority holding a witness to be incompetent to testify by reason of a likelihood that his testimony may be influenced by others. If a witness is competent as a matter of law, the accuracy of his memory and the truthfulness of his testimony are questions of fact for the jury in determining the weight of his testimony, *Lake* v. *State*, (1976) 264 Ind. 129, 340 N.E.2d 789; *Wilson* v. *State*, (1975) 263 Ind. 469, 333 N.E.2d 755; *Kimble* v. *State*, (1974) 262 Ind. 522, 319 N.E.2d 140.

## ISSUE III

Defendant objected to the testimony of two police officers concerning statements that she made during interrogation, claiming that she did not knowingly and voluntarily waive her constitutional rights. This is based primarily upon her claim that she was under the influence of drugs at the time she was questioned and the statement given.

The evidence presented at the hearing on the motion to suppress the defendant's statements is essentially non-conflicting. She testified that prior to talking to the police, she had

consumed some valium tablets and one-half tablet of mescaline, and had smoked several marijuana cigarettes. She also stated that she had been a drug user for several years, frequently took mescaline, and smoked marijuana as casually and as often as a cigarette smoker would smoke cigarettes. When asked what total effect these drugs had on her ability to think while she was talking to the police, Defendant replied that the drugs generally made her somewhat forgetful, but that upon this occasion she was thinking clearly, although she was somewhat paranoid. She remembered the reading of the *Miranda* warnings to her, signing the back of the warning card, and having no questions in regard to her rights. She also testified that she was familiar with the constitutional rights related in the *Miranda* warning.

Under the totality of the circumstances, it cannot be said that the trial court erred in holding the defendant's waiver to have been knowingly and voluntarily given.

We find no error, and the judgment of the trial court is affirmed.

Givan, C.J., DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 370 N.E.2d 889.