**Halitha HILL, a/k/a Hailita Hill, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 02S00–8908–PC–628.**

Supreme Court of Indiana.

Nov. 2, 1990.

Susan K. Carpenter, Public Defender, Addie D. Hailstorks, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from a denial of appellant's petition for post-conviction relief. In 1976, appellant was tried by a jury and found to be guilty of First Degree Murder, for which she received a life sentence. An appeal was taken from that conviction and the trial court was affirmed. *Hill v. State* (1977), 267 Ind. 411, 370 N.E.2d 889. Sub-

sequently, appellant filed a *pro se* petition for post-conviction relief. Thereafter, the State Public Defender entered an appearance for appellant and twice amended appellant's petition. In April of 1989, the trial court denied appellant's petition.

Appellant claims the trial court erred in finding Instructions Nos. 12 and 13, given at the original trial, were not erroneous. Each of these instructions informed the jury that a person is presumed to intend the natural and probable consequences of his or her acts. Appellant cites *Francis v. Franklin* (1985), 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 and *Sandstrom v. Montana* (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 in support of her position.

■ However, we do not reach the question as to whether these instructions violate those opinions. Neither opinion was decided until after the case at bar had been decided and appealed. These instructions were not challenged in that appeal. Post-conviction relief petitions do not serve the office of an appeal. Any error which was or could have been raised in a direct appeal is not available in post-conviction relief. Ind. Post–Conviction Rule 1, § 1(b).

■ Appellant contends the post-conviction court erred in finding that she was not denied the effective assistance of counsel. Appellant cites as ineffective assistance of counsel that trial counsel did not object to the questioned instructions. If we would assume for the sake of argument that the instructions did in fact violate *Francis* and *Sandstrom* as pointed out above, those cases were decided long after counsel's representation of appellant.

At the time of appellant's original trial, instructions similar to Instructions 12 and 13 had been given repeatedly in this and other jurisdictions. There was nothing about the instructions which necessarily would call counsel's attention to the possibility that at some future time they might be declared to be an unconstitutional invasion of the province of the jury. In viewing all of the circumstances surrounding trial counsel's representation of appellant, we cannot say that his failure to object to

Instructions Nos. 12 and 13 was outside the range of professionally competent assistance. *Aubrey v. State* (1985), Ind., 478 N.E.2d 70.

Appellant also claims that counsel failed to object when the prosecuting attorney in closing arguments injected his personal opinion on how appellant should have testified as well as how she should have acted during her trial. The prosecutor further commented on what he believed to be appellant's lack of remorse for the crime charged. Appellant claims this conduct was improper in that it was an attempt on the part of the prosecutor to inform the jury of facts which were not in evidence.

■ In order to establish that counsel's failure to object to the prosecutor's comments was improper, it must be shown that had the objection been made it should have been sustained by the trial court. *Oglesby v. State* (1987), Ind., 515 N.E.2d 1082; *Grigsby v. State* (1987), Ind., 503 N.E.2d 394. We cannot agree with appellant's argument that the prosecutor's comments were improper. At no time did the prosecuting attorney state facts which were not in the record. He merely commented upon facts which were established, including appellant's testimony and her demeanor in the courtroom, all of which was clearly before the jury. Trial counsel in fact chose the avenue which was most likely to succeed under the circumstances, that is, in his own summation to the jury he attempted to answer each of the prosecuting attorney's comments made during his argument. This was a choice of strategy which this Court will not second-guess. *Hoffman v. State* (1988), Ind., 520 N.E.2d 436.

We find that appellant was adequately represented by counsel both at the original trial and at her original appeal.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

Appellant was convicted of murder and sentenced to life imprisonment on March 29, 1976. On December 20, 1977, this Court affirmed the conviction and sentence. *Hill v. State* (1977), 267 Ind. 411, 370 N.E.2d 889. Two years later in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), it was held that where intent is an element of a crime, a jury instruction that "the law presumes that a person intends the ordinary consequences of his voluntary acts" violates the Fourteenth Amendment's requirement that the State prove every element of a criminal offense beyond a reasonable doubt, as had been required in *In re Winship* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The error in the instruction is the resulting suspension of the requirement of proof of specific intent beyond a reasonable doubt, and generally such error is fundamental in nature and may be raised at any time, despite the lack of contemporaneous objection at the initial trial and despite the failure to lay claim in the first appeal. *Reid v. State* (1988), Ind., 529 N.E.2d 1309;. *Thomas v. State* (1982), Ind.App., 442 N.E.2d 700. *Cf. Haggenjos v. State* (1986), Ind., 493 N.E.2d 448.

Appellant filed her first post-conviction petition on July 21, 1982; the petition was amended twice by the State Public Defender on December 16, 1988, and February 1, 1989. The latter amendment added the following specification:

> The giving of jury instructions 12 and 13 on specific intent impermissibly shifted the burden of proof on this element to the defendant, thus relieving the State of its burden to prove all necessary elements of First Degree Murder.

The record discloses no special defenses by the State. At the conclusion of the post-conviction trial, the judge concluded in part that the instructions 12 and 13 do not constitute *Sandstrom* error and otherwise denied post-conviction relief. On appeal, the State does not argue waiver or raise any procedural complaint, but addresses the issue on its merits. The majority opinion concludes that it is not required to address appellant's challenge to the trial court's judgment on this basis because there was no objection to the instructions at trial and in the first direct appeal and because *Sandstrom* was decided after the trial and appeal and is presumably not retroactive.

The two instructions at stake were as follows:

### INSTRUCTION NO. 12

Every person is presumed to intend the natural and probable consequences of his or her acts and, therefore, the intent to commit a criminal offense may be inferred from the acts, word or declaration of the person accused, as well as from the manner and circumstances of the act committed.

### INSTRUCTION NO. 13

The Court instructs that as long as the offender is capable of conceiving an intelligent design, she will be presumed, if the case is otherwise made out beyond a reasonable doubt to have intended the natural consequences of her own act.

In my opinion, it is appropriate to now consider appellant's present, appellate post-conviction claim that Judge Ryan's post-conviction judgment was erroneous wherein it determined that these two instructions, given at the initial trial without objection and unchallenged in the direct appeal, did not impermissibly shift the burden of proof on the element of intent to appellant at the trial, and it is not appropriate to refuse to do so on the basis stated in the majority opinion. This ground was first stated by appellant in her original post-conviction petition, at the trial level, before Judge Ryan. On the occasion of this first raising of the issue at the trial court level, appellant had the burden of demonstrating that there was sufficient reason for her failure to assert this new issue at time of her trial and direct appeal. Ind. Post–Conviction Rule 1, Section 8; *Osborne v. State* (1985), Ind., 481 N.E.2d 376. At the conclusion of the post-conviction hearing, Judge Ryan addressed the claim on its merits, treating it as though this basic burden had been met, and, in such circumstances, we should now do so also, for in this appeal,

the issue of whether Judge Ryan was in error in going to the merits of the claim has not been raised by the State by way of a Statement in Opposition, Ind. Trial Rule 59(E), and the legal questions involved have not been briefed.

Even when one chooses to now consider, for the first time on appeal without briefing, the question of whether appellant has met the basic burden of showing a sufficient reason for not previously raising this *Sandstrom* issue, the resolution of that issue should be in her favor. First, the issue has been raised in a first original petition for post-conviction relief, and the policy of P–C.R. 1, Section 8, is to encourage an expansion of the range of issues in such first petitions. Second, the legal perception that the age-old idea that a person is presumed to intend the consequences of all voluntary acts and deeds, when included in a criminal jury instruction, shifts the burden of proof on intent, did not find judicial sanction in Indiana until the *Sandstrom* decision, after appellant's trial and appeal. Third, the shifting of the burden of proof upon an element of a crime is totally contrary to our basic notions of the proper balance between the penal interests of the State and the liberty interests of the individual.

In dealing with the merits of this issue, as did Judge Ryan, I am convinced that the two instructions constitute an artful and successful effort to establish and maintain the impermissible presumption of intent. The word "presumption" is used twice. The second time, it is employed in Instruction 13 in conjunction with the words "if the case is otherwise made out beyond a reasonable doubt," and would be understood by the jury as meaning that the presumption of intent may be indulged in if all of the other elements are made out beyond a reasonable doubt. The presence of this additional instruction using the presumption, and the manner of its operation, serve to distinguish this case from our holding in *Haggenjos*, 493 N.E.2d 448, where an instruction in the form of Instruction 12, above, passed a *Sandstrom* test.

Finally, I do not believe that the error in the giving of these erroneous instructions, shifting the burden of proof, was harmless beyond a reasonable doubt. Appellant testified that she was under the influence of drugs during the period leading up to the murder and that everything seemed unreal. She had no recollection of having shot anyone. One psychiatrist testified that appellant's history showed a pattern of being manipulated that she was fairly suggestible by men and that she was under the compelling force of Cantrell Johnson and had been programmed by him to kill. While this evidence need not be considered true or to have great weight by the trier of fact, it demonstrates that the question of intent was poignant at the trial and that the instructions on intent were crucial.

I would reverse the judgment of the trial court and order post-conviction relief in the form of a new trial.

DICKSON, J., concurs.