Harry REID, Appellant,

v.

STATE of Indiana, Appellee.

No. 885S340.

Supreme Court of Indiana.

Nov. 2, 1988.

Susan K. Carpenter, Public Defender, Eric Koselke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a post-conviction action. Appellant, Harry Reid, in 1976 was convicted of second degree murder and is serving a life sentence. Evidence presented at trial showed that appellant, in a dispute over money, shot and killed one Walter Wesson, Jr.. His conviction was affirmed on direct appeal in *Reid v. State* (1978), 267 Ind. 555, 372 N.E.2d 1149.

■ The jury charged with determining appellant's guilt or innocence received the following instruction:

"A person is presumed to intend the necessary or the natural and probable consequences of his actions knowingly performed."

Instructions of this nature impermissibly shift the burden of proof on the issue of intent to the defendant and it was error to instruct the jury in this manner. *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), *Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). Generally, the giving of an instruction of this nature is considered fundamental error and mandates a new trial. However, there are circumstances in which an error of this nature may be determined harmless beyond a reasonable doubt. At the trial on the murder charge, appellant relied exclusively on an alibi defense, admitting that the shooting occurred but denying he was the responsible party, asserting he was elsewhere at the time of commission. The issue of whether or not the person responsible entertained the specific intent to kill was not contested.

The approach that the erroneous instruction of the jury in this manner is harmless error beyond a reasonable doubt when the defense is alibi has been adopted by some circuit courts. *Tucker v. Kemp* (1985), 762 F.2d 1496 (11th circuit); *Garland v. Maggio* (1983), 717 F.2d 199 (5th circuit). The United States Supreme Court also recognized that the harmless error standard was applicable in cases of this nature. *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). The Fifth Circuit

Court of Appeals convincingly explained its reasoning in *Garland, supra:*

"The corrupting effect of a *Sandstrom* instruction depends upon the nature of the defense, if any, made at the trial. Where a defense of non-participation in the criminal act is urged at trial, the effect of a Sandstrom instruction as a factor upon which the verdict was based may diminish, particularly where the conduct or nature of the crime, as evidenced by the record, firmly negates any reasonable possibility that the perpetrator of the crime, whoever it may have been, lacked the requisite intent. *U.S. v. Fricke,* 684 F.2d [1126] at 1129; *McGuinn v. Crist,* 657 F.2d 1107 (9th Cir.1981) *cert. denied,* 455 U.S. 990, 102 S.Ct. 1614, 71 L.Ed.2d 850 (1982); *United States v. Winter,* 663 F.2d 1120, 1143–45 (1st Cir.1981).

In the instant case, the defense of non-participation was advanced at trial: Garland denied having shot Burns. As discussed *infra,* the evidence was sufficient to prove beyond a reasonable doubt that Garland shot Burns. The pertinent inquiry, therefore, is whether a rational factfinder might have concluded that Garland, once identified as the perpetrator, lacked the requisite intent to commit second degree murder had not the erroneous instruction been given.

The inference of intent is inescapable from the evidence produced concerning the nature of the criminal act. The proximity of the perpetrator to the victim, the deadliness of the weapon utilized, the repetitious firing of the weapon, the flight following the act, and other circumstances surrounding the shooting of Burns, demonstrate beyond any doubt whatsoever that it was neither a negligent nor a reckless act. Upon such evidence, no rational juror could have possibly concluded that the person who shot Burns lacked the requisite intent to kill him or inflict great bodily harm. Therefore, the *Sandstrom* instruction given by the trial court must be considered harmless beyond a reasonable doubt."

*Garland* at 203–204.

We find the reasoning above persuasive. The facts in the instant case are nearly identical to those in *Garland, supra.* Several witnesses testified that the perpetrator and the deceased, Walter Wesson, Jr., were standing in close proximity outside of Jelly's Bar, and one of the two was shouting. Wesson then turned away, was shot with a gun held by the perpetrator, and fell to the ground. Apparently he was shot several more times after he fell. The perpetrator then fled. From the circumstances here, it is impossible to conclude that the shooting of Wesson was done with anything but the intent to kill. Repeatedly firing the weapon, in close proximity and after Wesson collapsed, followed by flight from the scene, leads to only one conclusion, that the death was not the result of a merely negligent or reckless act but rather whoever shot Wesson intended to kill him. Several eyewitnesses identified appellant as the person who shot Wesson. If the jury believed, beyond a reasonable doubt, that appellant was the person who fired the gun, there was no evidence from which they could have concluded the firing wasn't accompanied by the requisite intent to kill.

Consequently, while the jury was given an erroneous burden shifting instruction, that instruction was harmless beyond a reasonable doubt under the facts of this case. Appellant's reliance on an alibi defense and the uncontroverted version of the shooting support this determination.

■ Appellant also asserts his trial counsel was ineffective for failing to object to this instruction. We note that *Sandstrom* was not decided until 1979. Further, given our determination that the giving of the instruction was harmless beyond a reasonable doubt, appellant has failed to demonstrate prejudice due to this failure to object. We find that the trial Court did not commit error in denying appellant's petition for post-conviction relief.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.