Douglas PETRIE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–9109–CR–294.

Court of Appeals of Indiana,
Third District.

April 20, 1992.

Richard J. Thonert, Romero & Thonert, Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Douglas Petrie appeals his conviction for operating a vehicle while intoxicated, a Class A misdemeanor. IND.CODE § 9–11–2–2 (1988 Ed.).[1]

The facts favorable to the judgment disclose that at approximately 4:30 a.m. on June 30, 1990, Officer Steve Haynes of the Fort Wayne Police Department observed three motorcycles exit Shoaff Park at a high rate of speed. Officer Haynes was unable to clock the speed of the motorcycles, but he noted that they were exceeding 60 m.p.h., the speed of his vehicle, in a 40 m.p.h. zone. When two of the motorcycles made u-turns and pulled into a gas station, Officer Haynes pulled in behind them and asked the drivers for their licenses and registrations.

While he was speaking with appellant, one of the drivers, Officer Haynes detected a strong odor of alcohol on his breath. He also noticed that appellant's eyes were bloodshot, that his speech was slurred, that

---

1. Repealed and reenacted as IND.CODE § 9–30–5–2 (1991 Supp.).

his clothing was soiled, and that he had some difficulty removing his driver's license from his wallet. Officer Haynes then advised appellant of his *Miranda* rights and the Indiana Implied Consent Law and arranged to have him transported to the City–County Building. At approximately 5:30 a.m., Officer Thomas Taylor administered a breathalyzer test. The test indicated that appellant had a blood alcohol content (BAC) of 0.14%.

Appellant raises the following issues for review:

(1) whether the trial court erred in instructing the jury regarding the effect of testing over 0.10%;

(2) whether the trial court erred in refusing appellant's tendered Instructions Nos. 3, 6, and 7;

(3) whether the trial court erred in denying appellant's motion to strike evidence;

(4) whether the evidence was sufficient to sustain appellant's conviction; and

(5) whether the trial court erred in admitting State's Exhibits Nos. 1–5.

██ Appellant claims the trial court erred in giving the following jury instruction:

"Evidence that there was .05% or less by weight of alcohol in the defendant's blood constitutes prima facia [sic] evidence that defendant was not intoxicated. Evidence that there was .05% but less than .10% by weight of alcohol in the defendant's blood constitutes relevant evidence as to whether the defendant was intoxicated. Evidence that there was .10% or more by weight of alcohol in the defendant's blood constitutes prima facia [sic] evidence that the defendant was intoxicated. Prima facia [sic] means a fact presumed to be true unless disproved by some evidence to the contrary."

Specifically, appellant claims the instruction is unconstitutional because it is manda-

tory and impermissibly shifted to him the burden of proof on the element of intoxication. The State argues that appellant has waived this issue; however, the giving of an instruction which impermissibly shifts the burden of proof on an element of the offense is generally considered fundamental error and mandates a new trial. *Reid v. State* (1988), Ind., 529 N.E.2d 1309.

██ The court's instruction appears to be based, at least in part, on IND.CODE § 9–11–4–15(b) (1988 Ed.)[2] which states as follows:

"If, in a prosecution for an offense under IC 9–11–2, evidence establishes that:

(1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and

(2) the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the test sample was taken;

the trier of fact shall presume that the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the person operated the vehicle. However, this presumption is rebuttable."

Although the court's instruction does not require the jury to find the presumed fact of BAC level at the time of vehicle operation, it does require the jury to find the element of intoxication from proof of BAC level at the time of testing.[3] In *Sturgeon v. State* (1991), Ind.App., 575 N.E.2d 679, a case involving a similar instruction, this Court made the following observation:

"By defining prima facie as evidence sufficient to establish a given fact which will remain sufficient *if uncontradicted,* a reasonable juror could easily have understood the instruction as indicating Sturgeon bore the affirmative burden of

**2.** Repealed and reenacted as IND.CODE § 9–30–6–15(b) (1991 Supp.).

**3.** This Court would note that the State cannot gain a conviction of operating while intoxicated simply by demonstrating that the defendant was

driving with a blood alcohol content of 0.10% or above; rather the State must prove impairment in order to support a conviction of operating while intoxicated. *Smith v. State* (1986), Ind. App., 502 N.E.2d 122, 126–127.

persuasion on the element of intoxication once the State proved a BAC level at the time of testing of .10%."

*Id.* at 681. (Emphasis original). The *Sturgeon* court also noted that general instructions on the State's burden of proof and the presumption of innocence are not inconsistent with the burden-shifting presumption and, therefore, do nothing to lessen the harm. *Id.* at 682. Accordingly, this Court finds the trial court committed constitutional error in giving the burden-shifting instruction to the jury.

 Although an error of this nature usually mandates a new trial, there are circumstances in which the giving of a burden-shifting instruction may be harmless beyond a reasonable doubt.

*See Reid* at 1309; *Sturgeon* at 682.

However, along with giving the erroneous burden-shifting instruction, the trial court refused Defendant's Jury Instruction No. 3 which states as follows:

"Proof of a blood alcohol content of .10%, or more, is not sufficient, in and of itself to establish that the Defendant was "intoxicated" for purposes of the crime of Driving While Intoxicated, a Class A Misdemeanor."

Instruction No. 3 is a correct statement of law (see *Warner v. State* (1986), Ind.App., 497 N.E.2d 259, 262), and no other instructions covered its substance. Moreover, the instruction would have explained the constitutionally infirm instruction the court gave, thereby diminishing its harmful effect on the jury. The trial court's refusal of Instruction No. 3 in conjunction with its giving of the erroneous burden-shifting instruction requires reversal.

In light of our resolution of the instruction issues, we need not address the other issues appellant raises except to note that there is sufficient evidence to support the conviction.

Reversed and remanded for a new trial.

GARRARD, J., concurs.

BUCHANAN, J., dissents with opinion.

BUCHANAN, Judge, dissenting.

I respectfully dissent.

While the majority correctly finds the instruction in question may have impermissibly shifted the burden of proof on the element of intoxication to Petrie, reversal is not warranted here.

In *Sturgeon v. State* (1991), Ind.App., 575 N.E.2d 679, this court concluded:

"An instruction that impermissibly shifts the burden of proof on an element of the offense is not so basic to a fair trial that it can never be harmless. [*See Rose v. Clark* (1986), 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460]; *Reid v. State* (1988), Ind., 529 N.E.2d 1309. Thus, *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 and its progeny mandate that we consider the entire record prior to reversing a conviction for constitutional error that may be harmless beyond a reasonable doubt."

*Sturgeon,* at 682.

Unlike *Sturgeon* where the evidence of the defendant's intoxication was "neither undisputed nor overwhelming," *see id.* at 682, the inference of Petrie's intoxication is inescapable and the evidence presented at trial was undisputed.

Fort Wayne police officer Steve Haynes (Haynes) testified that he stopped Petrie for driving sixty miles per hour in a forty mile per hour zone. *Record* at 92. Haynes observed that Petrie smelled strongly of alcohol, had bloodshot eyes and slurred speech. *Record* at 94, 97, 110. Petrie leaned against his motorcycle for support, and he fumbled with his driver's license when attempting to remove it from his wallet. *Record* at 95. Petrie was given a breathalyzer test which indicated that he had a blood alcohol content of .14%.

A video of Petrie taken at the police station revealed that he would not follow a police officer's directions when instructed to count from ten to one. Petrie forgot that he had been informed of the implied consent law, he could not remember his zip code, and he swayed when he was instructed to walk a straight line. *Record* at 148.

The evidence conclusively demonstrates that Petrie was intoxicated, so the instruction which impermissibly shifted the burden of proof to Petrie on the element of intoxication is harmless beyond a reasonable doubt. *See Reid, supra; Sturgeon, supra.*

I would affirm Petrie's conviction for driving while intoxicated.