Floyd WALKER, Appellant,

v.

STATE of Indiana, Appellee.

No. 20S00–9212–CR–1040.

Supreme Court of Indiana.

April 8, 1994.

Susan K. Carpenter, Public Defender, Kenneth L. Bird, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING

DeBRULER, Justice.

This cause comes to us on a petition for rehearing of this Court's decision in *Walker v. State* (1993), Ind., 621 N.E.2d 627. We grant rehearing to correct error in that opinion, to clarify the applicability of certain federal due process claims to cases on direct appeal, and to modify the mandate. We affirm in part, reverse in part, and remand.

Police found the bodies of Frank George Miller and his wife May Doria Miller on September 26 and 27, 1959. Responding to information provided by his mother, police questioned Appellant Floyd Altis Walker, a nineteen-year old, retarded, mentally-ill man. He confessed and a grand jury indicted him for the murders. The trial court found appellant competent to stand trial, and a jury convicted him on two counts of first degree murder and one count of first degree murder in perpetration of a robbery. He received

three (in 1992 corrected to two) life sentences.

■ The record of proceedings specifically states that the defendant did not object at trial to any preliminary or final jury instructions. The trial court's Instruction No. 19, which erected a presumption of intent against which appellant lodges his federal due process claim in this direct appeal, was given without the objection required by Ind. Trial Rule 51(C). The basis for this federal due process claim was first made express in case law after appellant's trial and conviction and before the briefing in his appeal. *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). In the Court's earlier decision the majority opinion ignored the procedural default at trial, dealt directly with the merits of the constitutional claim, and in so doing departed from the previous ambiguous course charted in *Jacks v. State* (1979), 271 Ind. 611, 394 N.E.2d 166, and *Hill v. State* (1990), Ind., 561 N.E.2d 784 (DeBruler and Dickson dissenting with opinion). This Court rightly aligned that direct appeal case with those post-conviction cases in which the same claim in the same posture has been considered "fundamental error." *Reid v. State* (1988), Ind., 529 N.E.2d 1309; *Walker*, 621 N.E.2d at 631.

Appellant Walker was tried upon an indictment charging three counts of first degree murder under the homicide statute then governing. Ind.Stat.Ann. § 10–3401 (Burns 1956). The first count charged that appellant purposely and with premeditated malice killed May Miller. The second count charged that appellant shot Frank Miller while engaged in robbing him, thereby killing him. The third count charged that appellant purposely and with premeditated malice killed the same Frank Miller. The jury returned separate verdicts of guilty on each of these three counts, and in conformity with the then-existing law, stated in each verdict that the punishment be life imprisonment. Ind.Stat.Ann. § 9–1819 (Burns 1956). The trial court sentenced appellant to life imprisonment.

■ We agree with the contention of appellant that the trial court's instructions employed an unconstitutional presumption aiding the prosecution and thereby denied federal due process. Within the several instructions on the elements of purpose and premeditated malice, the following separate paragraph exists:

> Every man is presumed to intend the natural consequences of his acts, and where one does an illegal act he is responsible for all the consequences that legitimately flow therefrom.

This instruction was condemned in *Sandstrom*. In its neighboring instructions, there is no clear and dominant statement and theme that the prosecution bore the burden to prove purpose and malice and that such elements may be inferred from proved facts, as was the case in this Court's case of *Blackburn v. State* (1988), Ind., 519 N.E.2d 554. Instead, here there is a verbal labyrinth announcing further presumptions that the law requires to be made, and that proof of unspecified "unlawful acts" constitutes proof "prima facie" of purpose and malice. A reasonable jury could have interpreted this set of instructions as binding it to indulge a presumption of both purpose and malice in contravention of the due process clause. Reversal is therefore required.

In this instance, the original sentencing court did not specify the verdicts upon which it imposed sentence. The *Sandstrom* violation does not implicate the integrity of the verdict of guilty of felony murder robbery in the death of the man. The unconstitutional instruction only operated as an aid to the prosecution in fulfilling its burden to prove purpose and malice. It did not operate as an aid to the prosecution in fulfilling its burden to prove intent to steal, the state of mind required by the felony murder charge. This cause is now remanded to the trial court to vacate the two convictions for the purposeful and malicious killing of May and Frank Miller and any sentence resting upon them. Appellant's conviction for the felony murder of Frank Miller is affirmed. The trial court is further instructed to modify the judgment to reflect that there be a single life sentence, and that it rests upon the verdict of guilty of felony murder. Ind. Appellate Rule 15(N). Further consistent proceedings are appropriate.

DICKSON and SULLIVAN, JJ., concur.

SHEPARD, C.J., concurs in result.

GIVAN, J., dissents.