**David W. SMITH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 64A03–9510–CR–349.

Court of Appeals of Indiana.

Dec. 16, 1996.

Rehearing Denied Feb. 25, 1997.

Transfer Granted April 29, 1997.

Dave Welter, Valparaiso, for Appellant–Defendant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant David W. Smith appeals from his conviction for operating a vehicle while intoxicated, as a Class D felony. The facts most favorable to the judgment are presented below.

On May 21, 1994, Smith consumed a beer or two with his boss after work. At approximately 8:30 P.M., Smith drove to the Northside Tavern. Smith consumed two more beers at the tavern. He then purchased a six-pack of beer and drove away.

At approximately 10:30 P.M. the same evening, Jennifer Allen heard a vehicle pull up in front of her house at 603 Orchard before she went to bed. Later that night, Allen woke up and observed the vehicle still in front of her house with its engine running. Allen notified the Valparaiso, Indiana Police Department.

On May 22, 1994, at approximately 12:55 A.M., Valparaiso Police Officers Mike McLinn and Jason Wallace arrived on the scene and observed Smith's Oldsmobile Ciera protruding into the traveled portion of the roadway. The officers both noted that the Oldsmobile's engine was running and that its transmission appeared to be in the "reverse" position. Additionally, Officer McLinn testified at trial that the Oldsmobile's brake and back-up lights were on and that Smith's foot was on the brake pedal. Five full beer cans and three empty cans were scattered about the vehicle. Smith was passed out on the front seat of the Oldsmobile. The lower half of his torso was on the driver's seat and the upper half was in the passenger's seat. Smith had an open can of beer between his legs.

Officer McLinn shut off the vehicle and attempted to wake Smith. Smith failed to respond when his name was called several times. Finally, the officer managed to wake Smith by shaking him. Officer McLinn asked Smith to step out of the vehicle. Smith was not able to unlock or open his door. The officers unlocked and opened the Oldsmobile's door. Smith pulled himself out of the vehicle. The officers noted that Smith's balance was unsteady, his eyes were watery and bloodshot, his speech was slurred, and his breath smelled strongly of alcohol. Smith passed only one of the four field sobriety tests which were performed.

Officer McLinn concluded that Smith was intoxicated. The officer informed Smith of the implied consent law and secured his consent to submit to a chemical test for intoxication. Smith was transported to the Porter County Jail. At approximately 1:34 A.M., a breath test was administered to Smith. The results of the test revealed that Smith's blood alcohol content (BAC) level was 0.18% by weight.

Smith was charged by information with operating a vehicle with at least 0.10% by weight of alcohol in his blood, as a Class D felony, and driving while intoxicated, as a Class D felony. Following a bifurcated jury trial, Smith was convicted of driving while intoxicated, as a Class D felony. Smith now appeals.

Restated, the issues raised by Smith on review are:

(1) whether the trial court erred in instructing the jury regarding the effect of testing over 0.10%;

(2) whether the court erred in instructing the jury regarding the relation back of Smith's breath test to the time Smith was operating his vehicle; and

(3) whether there is sufficient evidence to sustain his conviction.

Smith claims that the trial court erred in giving the following jury instructions:

COURT'S FINAL INSTRUCTION NO. 6

Under Indiana Law, at the trial of a person charged with violating the driving while intoxicated law, evidence of the amount of alcohol that was in his blood at the time of alleged violation as shown by a chemical analysis of his breath, is admissible as follows:

Evidence that there was ten-hundredths percent (.10%) or more, by weight of alcohol in his blood constitutes prima facie evidence that he was intoxicated.

COURT'S FINAL INSTRUCTION NO. 7

You are instructed that prima facie evidence is evidence which is sufficient to prove a fact standing alone, until contradicted and overcome by evidence to the contrary.

Specifically, Smith contends that the instructions impermissibly shift to him the burden of proof on the element of intoxication. The State counters that Smith has waived this issue by failing to object to Court's Final Instruction's Nos. 6 and 7 at trial. However, as this Court has previously noted, the giving of instructions which impermissibly shift the burden of proof on an element of the offense is generally considered fundamental error and mandates a new trial. *Petrie v. State*, 590 N.E.2d 603, 604 (Ind.Ct.App.1992).

The trial court's instructions appear to be based, at least in part, on IND. CODE § 9–30–6–15(b) which states:

If, in a prosecution for an offense under IC 9–30–5, evidence establishes that:

(1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and

(2) the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the test sample was taken;

the trier of fact shall presume that the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the person operated the vehicle. However, this presumption is rebuttable.

Although the court's instructions do not require the jury to find the presumed fact of blood alcohol content (BAC) level at the time of vehicle operation, it does require the jury to find the element of intoxication from proof of the BAC level at the time of testing. *See Petrie*, 590 N.E.2d at 604. The instructions given by the trial court in the present case

are substantially similar to the burden-shifting instruction this Court found unconstitutional in *Petrie*. As observed in the prior case:

'By defining prima facie as evidence sufficient to establish a given fact which will remain sufficient *if uncontradicted*, a reasonable juror could easily have understood the instruction as indicating [defendant] bore the affirmative burden of persuasion on the element of intoxication once the State proved a BAC level at the time of testing of .10%'

*Id.* at 604–605 (*quoting Sturgeon v. State*, 575 N.E.2d 679, 681 (Ind.Ct.App.1991)) (Emphasis original.) Accordingly, the trial court erred in giving the burden-shifting instructions to the jury.

The State contends that the giving of the burden-shifting instructions was harmless beyond a reasonable doubt. *See Reid v. State*, 529 N.E.2d 1309, 1309 (Ind.1988); *Sturgeon*, 575 N.E.2d at 682. However, as in *Petrie*, along with giving the erroneous burden-shifting instruction, the trial court also refused Defendant's Jury Instruction No. 1 which provides:

Evidence that David Smith's blood had ten-hundredths percent by weight alcohol, or more, is not sufficient, in and of itself, to establish that David Smith was intoxicated.

Instruction No. 1 is a correct statement of the law and is not covered in substance by any other instruction given. *See Warner v. State*, 497 N.E.2d 259, 262 (Ind.Ct.App.1986). Moreover, the instruction would have explained the infirmed instructions the court gave, thereby diminishing their harmful effect on the jury. The trial court's refusal of Defendant's Instruction No. 1, in conjunction with its giving of the erroneous burden-shifting instructions, requires reversal.

In light of our resolution of the instructions issue, we need not address the other issues Smith raises except to note that there is sufficient evidence to support the conviction. When faced with conflicting testimony, it is for the jury to determine the credibility of the witnesses. *See Scrougham v. State*, 564 N.E.2d 542, 544 (Ind.Ct.App. 1990) *trans. denied.* Further, since the issue

may arise on retrial, the trial court's Instruction No. 8 regarding the relation back of the results of Smith's breath test to the time Smith operated his vehicle is a correct statement of law. *See* IND. CODE § 9–30–6–15; *Platt v. State,* 589 N.E.2d 222, 231 (Ind.1992).

Reversed and remanded for a new trial.

GARRARD, J., concurs with opinion.

STATON, J., dissents with opinion.

GARRARD, Judge, concurring.

Because of our decisions in *Petrie v. State,* 590 N.E.2d 603 (Ind.Ct.App.1992) and *Sturgeon v. State,* 575 N.E.2d 679 (Ind.Ct.App. 1991) I feel constrained to concur with the majority. Were we, however, writing upon a clean slate I would find no reversible fundamental error in the instruction given in this case.

Initially, I should point out that I have no quarrel with the proposition that an instruction in a criminal case that relieves the state of persuading the jury beyond a reasonable doubt of every element of the offense on trial constitutes fundamental error. This was the teaching of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), wherein the Supreme Court disapproved the use of jury instructions that utilized mandatory or rebuttable presumptions concerning a necessary element of the offense (intent).

First, and foremost, I would observe that there is a substantial distinction in the law between shifting the burden of proof, or persuasion, and shifting the burden of going forward with evidence. Here the instruction did not purport to shift the burden of persuasion to the defendant. The state had the burden of establishing Smith's blood alcohol level at a level of .10% or higher. Moreover, we can say there is a rational connection between that proof and the fact to be inferred, intoxication, in that the latter is more likely than not to flow from the former. *See County Court of Ulster Cty. v. Allen* 442 U.S.

140, 168, 99 S.Ct. 2213, 2230, 60 L.Ed.2d 777 (1979). Thus, the instruction was not inherently improper.

In terms then of the Indiana doctrine of fundamental error, did it shift the burden of proof to the defendant? That is to say, was the error so basic and blatant that the defendant could not have had a fair trial? The court's companion instruction defining prima facie evidence advised the jury that it was sufficient to prove a fact *until contradicted and overcome by evidence to the contrary.* The court in *Sturgeon* found similar language "could easily have [been] understood" by a reasonable juror as shifting the burden of persuasion. I agree that to the extent that such a risk existed, the instruction was objectionable and should on proper objection or tender have been clarified. But no objection or defense tender was made. Clearly, under the language of the instruction "evidence to the contrary" could have come from the *state's* other evidence or from cross examination. Equally clearly, the defense was entitled to so argue to the jury. The defect was not such that it should be found to constitute fundamental error under our normal definitions of that term.

STATON, Judge, dissenting.

The error relied upon by the Majority is harmless error. It is innocuous to a fair trial and to a just verdict. The evidence is overwhelming beyond a reasonable doubt. *Warthen v. State,* 588 N.E.2d 545, 548–49 (Ind.Ct. App.1992); *Gilreath v. State,* 577 N.E.2d 997, 1000–01 (Ind.Ct.App.1991). No one's sense of justice would be offended by affirming the jury's verdict. Someone's sense of safety on the highway may well be offended. I would affirm the jury's verdict.