## David W. SMITH, Appellant (Defendant Below),

v.

## STATE of Indiana, Appellee (Plaintiff Below).

### No. 64S03–9704–CR–276.

Supreme Court of Indiana.

April 29, 1997.

Dave Welter, Valparaiso, for Appellant.

Jeffrey Modisett, Attorney General of Indiana and Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant David W. Smith has appealed his conviction for driving while intoxicated, a class D felony. Police officers encountered him at 12:55 a.m. passed out in his car, partially on the roadway, with the motor running, the transmission in reverse, and Smith's foot on the brake. He later tested .18% blood alcohol content.

■ The Court of Appeals reversed, citing instructions that told the jury:

Evidence that there was ten-hundredths percent (.10%) or more, by weight of alcohol in [Smith's] blood constitutes prima facie evidence that he was intoxicated.

You are instructed that prima facie evidence is evidence which is sufficient to prove a fact standing alone, until contradicted or overcome by evidence to the contrary.

Smith had accepted this instruction at trial, but a divided Court of Appeals held that the instruction impermissibly shifted the burden of proof to the defendant. It held that giving the instruction was fundamental error. *Smith v. State,* 674 N.E.2d 217(Ind.Ct.App.1996). Judge Staton correctly dissented, characterizing any error in the instruction as "innocuous." *Id.* at 220 (Staton, J., dissenting). We agree.

■ As for Smith's other claims, the evidence described above, more fully recited in the opinion of the Court of Appeals, is sufficient to sustain a conviction for driving while intoxicated.

■ Moreover, the trial court did not err in instructing the jury that it could relate the results of Smith's blood alcohol test back to the time he operated the vehicle if the jury found the test was given within three hours of that time. Ind.Code §§ 9–30–6–2, 15.

We grant transfer and affirm the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.