**Virgil MATTHEWS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 91A02–9810–CR–836.

Court of Appeals of Indiana.

Oct. 29, 1999.

Susan K. Carpenter, Public Defender of Indiana, Lorraine L. Rodts, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge

### *STATEMENT OF THE CASE*

Virgil Matthews appeals his conviction by jury for rape and criminal deviate conduct, both class B felonies.

We reverse.

### *ISSUE*

Whether Matthews was denied his constitutional due process rights when the jury was instructed that "[t]he law presumes that an individual intends the consequences of his act."

### *FACTS*

Matthews was charged with the rape of and engaging in criminal deviate conduct with his mentally disabled thirty year-old stepdaughter, Claire Bailey. Specifically, the State charged that during a two year period, Matthews "did knowingly and/or intentionally have sexual intercourse with [Claire] while the other person was so mentally disabled or deficient that consent to sexual intercourse could not be given." [1] (R. 5). The State also charged that Matthews "did knowingly and/or intentionally perform or submit to deviate sexual conduct with [Claire] when said person was so mentally disabled or devicient that consent to said conduct could not be given." [2] (R. 29).

At trial, Claire testified that Matthews had inserted his penis in her vagina and moved "up and down, up and down." (R. 453). Claire's mother (Carol Matthews), Claire's sister (Karen Leary), a clinical psychologist, and a local social worker all described Claire's limitations and testified

1. *See* IND.CODE § 35–42–4–1(a)(3).

2. *See* IND.CODE § 35–42–4–2(a)(3).

that Claire did not understand sex. The defense presented evidence that years earlier Matthews had sustained a severe head injury which impaired his mental capacity. Matthews himself testified that he knew Claire was mentally disabled and had been told her mental age was seven or eight. Matthews also acknowledged having digitally penetrated Claire with his finger and that Claire had touched his genitals. As to whether intercourse had occurred, Matthews generally denied it but some answers were equivocal in that regard. However, Matthews also testified that he believed Claire was capable of consenting to sexual acts and had done so.

In opening and closing arguments Matthews argued that Claire was "capable of consenting to sex" and "understood." (R. 308, R. 638). He emphasized to the jury certain evidence that could support his conclusion that Claire could consent. Nevertheless, the jury convicted Matthews of the charge.

## DECISION

The trial court instructed the jury that the offense of rape as charged required the State to prove

each of the following elements: The Defendant

(1) knowing or intentionally

(2) had sexual intercourse with [Claire], when

(3) [Claire] was so mentally disabled or deficient that consent to sexual intercourse could not be given. (R. 645).

The trial court also instructed the jury that the offense of criminal deviate conduct required the State to prove

each of the following elements: The Defendant

(1) knowingly or intentionally

(2) caused [Claire] to perform or submit to deviate sexual conduct when

3. That instruction read, "The law presumes that a person intends the ordinary conse-

(3) [Claire] was so mentally disabled or deficient that consent could not be given. (R. 646). The trial court subsequently instructed the jury that "[t]he law presumes that an individual intends the consequences of his act." (R. 648). Matthews claims his convictions must be reversed because the trial court deprived him of fundamental due process by giving the latter instruction, and that the error cannot be deemed harmless because his awareness of Claire's inability to consent was a critical factual issue at trial. We agree.

The federal constitutional due process right "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). This constitutional principle prohibits the State from using an evidentiary presumption in a jury instruction that has the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. *Sandstrom v. Montana*, 442 U.S. 510, 520–524, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Consequently, the Supreme Court held an instruction virtually identical to the one given here[3] to be unconstitutional because it could have been understood by the jury to shift the burden of proof from the State to the defendant, thereby depriving the defendant of his right to the due process of law. 442 U.S. at 524, 99 S.Ct. 2450.

The State first argues that Matthews waived appellate review of instructional error in this regard because he failed to object to the instruction at trial. However, in *Walker v. State*, 632 N.E.2d 723, 725 (Ind.1994), our supreme court stated that giving the instruction "condemned in *Sandstrom*" constituted fundamental error. Fundamental error is not subject to waiver for having failed to object. *Brown v. State*, 691 N.E.2d 438, 444 (Ind.1998).

quences of his voluntary acts." 442 U.S. at 513, 99 S.Ct. 2450.

The State next contends that pursuant to *Darby v. State*, 514 N.E.2d 1049, 1055 (Ind.1987), the challenged instruction should be read and construed together with other instructions. Specifically, the State directs us to (1) the immediately succeeding instruction, which stated

The requisite intent for a crime, or knowing or intentionally, can be inferred from the voluntary commission of the illegal act,

and (2) an instruction several sentences later stating that the State must prove beyond a reasonable doubt each essential element of the crime. (R. 648).

■ In *Darby*, our supreme court found that the instruction condemned in *Sandstrom* "was contained in the section of the instructions which discussed the insanity defense, and by its context was focused on mental condition, not intent." 514 N.E.2d at 1055. However, the court noted that separate instructions discussed intent, and "provided guidance to the jury on determining intent" in "more specific language." *Id.* Because this language "qualified the complained of instruction," the court found it did not "have a burden-shifting effect." *Id.* at 1055, 1055–56.

■ Matthews contends that *Darby* has been "implicitly overruled" by *Yates v. Evatt*, 500 U.S. 391, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991), *Reid v. State*, 529 N.E.2d 1309 (Ind.1988), and *Walker*, which "unmistakably hold" that the instruction condemned in *Sandstrom* is fundamental error. Matthews' Reply at 7, 8. We find that even if we may consider other instructions given, pursuant to *Darby*, that consideration would not allow the instruction here to pass constitutional muster. First, the challenged instruction was not part of the instructions concerning a different matter (e.g., insanity in *Darby* ), but was given about intent—an element of the offenses charged. Second, the general in-

struction, that the State must prove each element of the crime, was given some time later in the instructions. Third, the following instruction (indicating that intent "can be inferred from the voluntary commission of the illegal act") did not "qualify" the specific offense instructions but rather allowed the jury to make a determination regarding intent in a different manner than the preceding ones—stating that the element of .intent must be proven by the State. Consequently, we believe a reasonable juror could interpret this "verbal labyrinth" to bind it to indulge a presumption of intent. *Walker*, 632 N.E.2d at 724. In such a case, reversal is required. *Id.*

■ The challenged instruction did not tell jurors that they had a *choice* as to whether to infer intent, or that they *might* infer intent, but "only that the law presumed it." *Sandstrom*, 442 U.S. at 515, 99 S.Ct. 2450. Moreover, the instruction did not tell jurors that the presumption could be rebutted. *Id.* at 517, 99 S.Ct. 2450. When jurors may understand the instruction to be either mandatory or irrebuttable, the effect is to relieve the State of the burden of proof on an element of the crime. *Id.* at 519–20, 99 S.Ct. 2450. Because the instruction here could have been interpreted by the jury as either a conclusive presumption or a burden-shifting presumption, it deprived Matthews of his right to the due process of law. *See id.* at 524, 99 S.Ct. 2450.

■ Although we agree with Matthews that his convictions of rape and criminal deviate conduct must be reversed, we do not agree with his contention that there can be no retrial on the rape charge.[4] Retrial is allowed when a conviction is reversed on appeal for error and the evidence at trial was sufficient to support the original conviction. *Cuto v. State*, 709 N.E.2d 356, 362 (Ind.Ct.App.1999). Evi-

4. Matthews makes no such argument as to the criminal deviate conduct charge. After having begun his Statement of Facts with the admission that his relationship with Claire included "touching and digital penetration," Matthews' Brief at 3, such an argument would have been fruitless.

dence is insufficient to convict when no rational fact finder could have found the defendant guilty beyond a reasonable doubt. *Id.* Claire testified that Matthews had inserted his penis in her vagina. Various testimony supports the inference that Claire was unable to consent to intercourse. Sufficient evidence was presented by the State to sustain a conviction; therefore, Matthews may be retried.

We reverse and remand for retrial.[5]

KIRSCH, J., and BROOK, J., concur.

---

**5.** Because we find the issue discussed to require reversal, we do not reach his other claims of error.