**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2013, 8:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY G. RAFF**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARTEQUES L. BLACK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1306-CR-276 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D06-1108-FB-182

**December 31, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Marteques Black appeals his conviction for Burglary,[1] a class B felony. Black argues that the evidence was insufficient to support his conviction. More particularly, he argues that a shirt with his blood on it found at the scene and his possession and sale of jewelry stolen from the residence do not constitute sufficient evidence to support his conviction for burglary. Finding that there was sufficient evidence for the jury to reasonably infer that Black committed burglary, we affirm the judgment of the trial court.

FACTS

On August 12, 2010 at about 3:25 p.m., Karen Harris returned to her Fort Wayne home where she resided with her husband and two sons to find that it had been ransacked. Harris saw immediately upon entering her home that things were in disarray. The entertainment center in the living room was broken, and its back had been ripped off; the window in the kitchen had been shattered and its blinds broken. As Harris went through her home, she discovered that every room had been rummaged through—drawers pulled out and contents thrown on the floor—and a door on the side of the house had been destroyed. Harris called the police and reported the burglary, and they came to the home to investigate.

Harris discovered that several items had been taken from the home: a DVD player, video games, an iPod, and a cell phone. In addition, all of Harris's jewelry had been taken, including a gold, herringbone chain with a broken clasp, a gold ring, and a

---

[1] Ind. Code § 35-43-2-1.

diamond heart pendant and chain. In searching the rooms and taking inventory, the family discovered a polo shirt with blood on it in one of Harris's sons' rooms; the polo shirt did not belong to anyone in the family, and it was turned over to the police.

About four days later, the police called Harris to Mr. Wimp's Coins, a pawn shop, to look at some jewelry they believed might be hers. Harris identified her heart pendant, the herringbone necklace, and the gold ring. The individual who sold the jewelry to Mr. Wimp's Coins had given identification in the name of Marteques Black. The police obtained an order to compel a swab from Black for DNA comparison. The Indiana State Police laboratory determined that the swab matched the blood on the polo shirt discovered in Harris's home.

Black was charged with burglary as a class B felony, and was tried and convicted by a jury. The trial court sentenced Black to ten years at the Department of Correction.

Black now appeals.

DISCUSSION AND DECISION

As noted above, Black argues the evidence was insufficient to convict him of class B felony burglary. In reviewing sufficiency of the evidence claims, we will not reweigh the evidence or assess the credibility of witnesses. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010). We consider only the evidence most favorable to the trial court's judgment, together with all reasonable and logical interferences to be drawn therefrom. Id. A conviction will be affirmed unless no rational fact-finder could have found the

3

defendant guilty beyond a reasonable doubt. <u>Matthews v. State</u>, 718 N.E.2d 807, 810-11 (Ind. Ct. App. 1999). A conviction may be based solely on circumstantial evidence. <u>Moore v. State</u>, 652 N.E.2d 53, 55 (Ind. 1995). The jury's verdict will not be disturbed if the jury could reasonably infer that the defendant is guilty beyond a reasonable doubt from the circumstantial evidence presented. <u>Id.</u> It is enough if an inference reasonably tending to support the verdict can be drawn from the circumstantial evidence. <u>Id.</u>

In order to convict Black of burglary, the State was required to prove beyond a reasonable doubt that he broke and entered the Harris's residence with the intent to commit theft therein. Indiana Code § 35-43-2-1. Here, the State presented evidence that a polo shirt with Black's blood on it was found in the Harris's home, a place where Black had no reason or permission to enter. Tr. p. 26-28. Additionally, the jury heard evidence that Black sold jewelry, later identified by Harris as that stolen from her home, to Mr. Wimp's Coins. Tr. 80-81. We conclude that these two pieces of evidence are sufficient to allow a reasonable fact-finder to determine that Black was guilty of burglary beyond a reasonable doubt.

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.

4